AYRES, Judge.
This action in tort arises out of an automobile collision on July 2, 1971, in the 100 block of Spring Street in the City of Shreveport. Involved were an automobile owned by Jordan Ray Wallace, operated at the time by his wife, Mrs. Clydell D. Wallace, and an automobile owned by H. B. Williams and Mrs. Carolyn Williams, his wife, driven at the time by Shelia J. Clark. Passengers in the Wallace vehicle were Delores W. Matlock and Donna Kay Wallace. Mrs. Carolyn Williams was a passenger in her own vehicle.
*883 This action was instituted by Jordan Ray Wallace, his wife, and the other passengers in his car to recover compensation for damages and personal injuries sustained in the accident. Made defendants were Carolyn Williams, Shelia Clark, and Planet Insurance Company, liability insurer of the Williams vehicle.
This action is based on charges of negligence directed to Shelia Clark, defendants’ driver. The defense consists of a denial of the charges of negligence so directed, coupled with countercharges of negligence and, in the alternative, contributory negligence directed to Mrs. Clydell Wallace, driver of plaintiff’s vehicle.
There was judgment after trial rejecting plaintiffs’ demands and from the judgment thus rendered and signed they appeal.
Spring Street is a three-lane, one-way thoroughfare, a segment of U. S. Highway 71 and of State Highway 1, with traffic flowing in a northerly direction. Mrs. Wallace, with her passengers, had driven across the Red River-Texas Street bridge into Shreveport and turned north on Spring Street when, after a change of mind as to her immediate destination, Mrs. Wallace realized she was going in the wrong direction. The accident occurred when Mrs. Wallace attempted a left turn in the middle of a block, into a parking lot, where she contemplated reviewing the situation and eventually returning to the correct course to her intended destination on Milam Street.
Negligence charged to defendants’ driver consisted of (1) failure to observe the Wallace vehicle as it reduced its speed in preparation for and in making a left turn; (2) following plaintiff’s vehicle too closely; (3) failure to allow plaintiff’s vehicle to complete its turn or (4) to maintain control of her vehicle and (5) driving at an excessive rate of speed under the circumstances.
Similar charges of negligence and, in the alternative, as aforesaid, of contributory negligence were directed to plaintiff’s driver. These charges consisted specifically of (1) failure to keep a proper lookout; (2)' failure to maintain control of her automobile on a heavily traveled street or (3) to give any signal or warning of her intended change from the center to the left lane of the street and (4) in suddenly and abruptly changing traffic lanes without first ascertaining that the maneuver could be made in safety.
Plaintiffs’ version of the occurrence is that when their driver attempted to turn into the vacant lot, the Williams vehicle suddenly turned left from the center lane directly in front of the Wallace vehicle and caused the collision. The defendants’ version is directly in conflict and irreconcilable with that of plaintiffs. They claim the Williams driver was' in the extreme left lane and the Wallace driver turned from the center lane in front of the Williams vehicle. These respective plaintiffs and defendants and their witnesses support their respective versions as to the occurrence.
Plaintiffs’ version was also, to some extent, supported by the police officer who investigated the accident. His initial report supported defendants’ theory of how the accident happened; however, at a later date when he was confronted in his office by Mr. and Mrs. Wallace, he changed his mind and made a corrected report. This he accounted for by saying he had at first made a mistake but not through any pressure by the Wallaces.
Plaintiffs also offered the testimony of Raymond M. Hatfield of Springhill, who testified he was following the vehicles involved and saw the collision. But he did not notify the police officer that he was an eyewitness nor did he satisfactorily account for his presence in Shreveport at the time of the accident. Defendants attempted to discredit his testimony by showing his friendship with plaintiffs.
The decisive issues are factual in character. The testimony, as noted, is conflicting in all material aspects. We find no basis *884 on which we could, with legal certainty or satisfaction, disagree or conclude that the trial court’s obvious findings were manifestly in error. The conclusion that plaintiffs have signally failed to establish fault or negligence on the part of defendants’ driver is inescapable. The question of liability on the part of defendants has not been established to that degree of certainty upon which a judgment in plaintiffs’ favor could be predicated.
For the reasons assigned the judgment appealed is affirmed at plaintiffs-appellants’ costs.
Affirmed.